JUDGE HELLERSTEIN

08 CV 5731

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER SITE LITIGATION
-------------------------------------------------------------------X
EDWARD ANDERSON AND MICHELLE ANDERSON,

Plaintiffs,

-against-

THE CITY OF NEW YORK, and
AMEC CONSTRUCTION MANAGEMENT, INC., *et al.*,

Defendants.
-------------------------------------------------------------------X

21 MC 100 (AKH)
(ECF)

**SUMMONS**

08 CV _____

**Jury Trial Demanded**

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon:

Plaintiffs' Attorney:   Sullivan Papain Block McGrath & Cannavo P.C.
120 Broadway, 18th Floor
New York, New York 10271
212/732.9000

an Answer to the Complaint that is herein served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**J. MICHAEL McMAHON**
Clerk

_____
By: Deputy Clerk

JUN 2 6 2008
Date

JUN 2 6 2008
Date

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

TO:

AMEC CONSTRUCTION
MANAGEMENT, INC. and other AMEC entities
c/o Tara Saybe
Patton Boggs LLP
1 Riverfront Plaza, 6th Floor
Newark, NJ 07102

BOVIS LEND LEASE, LMB, INC.
and other BOVIS entities
c/o Mound Cotton Wollan & Greengrass
Mark J. Weber, Esq.
One Battery Park Plaza
New York, NY 10004-1486

TULLY CONSTRUCTION CO., INC.
and other TULLY entities
c/o Tara Saybe
Patton Boggs LLP
1 Riverfront Plaza, 6th Floor
Newark, NJ 07102

TURNER CONSTRUCTION
COMPANY and other
TURNER entities
c/o London Fisher LLP
Attn: John Starling, Esq.
59 Maiden Lane
New York, NY 10038

CITY OF NEW YORK
By: Corporation Counsel
100 Church Street
New York, New York 10007

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER
DISASTER SITE LITIGATION

21 MC 100 (AKH)

08 CV 5731

DOCKET NO.

EDWARD ANDERSON AND MICHELLE ANDERSON,

                    Plaintiffs,

- against -

THE CITY OF NEW YORK, AND AMEC CONSTRUCTION MANAGEMENT, INC., *et al.*,

                    Defendants.

CHECK-OFF "SHORT FORM"
COMPLAINT
RELATED TO THE
MASTER COMPLAINT

PLAINTIFF DEMANDS TRIAL BY JURY

By Order of the Honorable Alvin K. Hellerstein, United States District Judge, dated June 22, 2006, ("the Order"), Master Complaints for all Plaintiffs were filed on August 18, 2006.

## NOTICE OF ADOPTION

All headings and paragraphs in the Master Complaints are applicable to and are adopted by the instant Plaintiff(s) as if fully set forth herein in addition to those paragraphs specific to the individual Plaintiff(s), which are listed below. These are marked with an "☑" if applicable to the instant Plaintiff(s), and specific case information is set forth, as needed, below.

Plaintiff, by his attorneys SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C. complaining of Defendants, respectfully alleges:

### I. PARTIES

#### PLAINTIFF(S)

1.    X Plaintiff EDWARD ANDERSON (hereinafter the "Injured Plaintiff"), is an individual and a citizen of New York residing at 154 Shafter Avenue, Staten Island, New York 10308.

2.    Alternatively, ☐ _____ is the _____ of Decedent _____, and brings this claim in his (her) capacity as of the Estate of _____.

3.    X Plaintiff, MICHELLE ANDERSON (hereinafter the "Derivative Plaintiff"), is an individual and a citizen of New York residing at 154 Shafter Avenue, Staten Island, New York 10308, and has the following relationship to the Injured Plaintiff:

**X** Plaintiff MICHELLE ANDERSON at all relevant times herein, is and has been lawfully married to Plaintiff EDWARD ANDERSON, and brings this derivative action for her loss due to the injuries sustained by her husband, Plaintiff EDWARD ANDERSON.

☐ Parent    ☐ Child    ☐ Other: _____

4. In the period from September 11, 2001 through the end of September 2001, and thereafter, including October through December 2001 and January 2002, the injured Plaintiff worked for the New York City Police Department as a Police Officer at:

*Please be as specific as possible when filling in the following dates and locations*

**X** The World Trade Center Site
Location(s) (*i.e.*, building, quadrant, etc.) throughout the four quadrants.
From September 11, 2001 through the end of September 2001, October 2001, and thereafter, including January 2002 through June 2002. For many of these days, the Plaintiff worked 12 hour shifts. In September 2001, the Plaintiff worked multiple 24 hour shifts. The injured plaintiff last worked at the World Trade Center Site in June 2002.

☐ The New York City Medical Examiner's Office
From on or about _____ until _____,
Approximately _____ hours per day; for
Approximately _____ days total.

☐ The Fresh Kills Landfill
From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total.

☐ The Barge
From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total.

☐ **Other:*** For injured plaintiffs who worked at Non-WTC Site building or location. The injured plaintiff worked at the address/location, for the dates alleged, for the hours per day, for the total days, and for the employer, as specified below:

From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total;
Name and Address of Non-WTC Site Building/Worksite: _____

*Continue this information on a separate sheet of paper if necessary. If more space is needed to specify "Other" locations, please annex a separate sheet of paper with the information.

5. Injured Plaintiff

   **X**    Was exposed to and breathed noxious fumes on all dates, at the site(s) indicated above;

   **X**    Was exposed to and inhaled or ingested toxic substances and particulates on all dates at the site(s) indicated above;

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

**X**  Was exposed to and absorbed or touched toxic or caustic substances on all dates at the site(s) indicated above;

☐  Other: _____

6. Injured Plaintiff

**X**  Has not made a claim to the Victim Compensation Fund. Pursuant to §405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐  Made a claim to the Victim Compensation Fund that was denied. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐  Made a claim to the Victim Compensation Fund, that was subsequently withdrawn by Ground-Zero Plaintiff. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐  Made a claim to the Victim Compensation Fund that was granted. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, Ground Zero-Plaintiff has waived her/his right(s) to pursue any further legal action for the injuries identified in said claim.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

B. **DEFENDANT(S)**

7. The following is a list of all Defendant(s) named in the Master Complaint. If checked, all paragraphs pertaining to that Defendant are deemed pleaded herein.

---

**X** THE CITY OF NEW YORK
☐ A Notice of Claim was timely filed and served on _____ and
☐ pursuant to General Municipal Law §50-h the CITY held a hearing on _____ (OR)
☐ The City has yet to hold a hearing as required by General Municipal Law §50-h
☐ More than thirty days have passed and the City has not adjusted the claim
(OR)
**X** A Petition/application to
**X** deem Plaintiff's (Plaintiffs') Notice of Claim timely filed, or in the alternative to grant Plaintiff(s) leave to file a late Notice of Claim *Nunc Pro Tunc* (for leave to file a late Notice of Claim *Nunc Pro Tunc*) has been filed and a determination
**X** is pending
☐ Granting petition was made on _____
☐ Denying petition was made on _____

---

☐ PORT AUTHORITY OF NEW YORK AND NEW JERSEY ["PORT AUTHORITY"]
☐ A Notice of Claim was filed and served pursuant to Chapter 179, §7 of The Unconsolidated Laws of the State of New York on
☐ More than sixty days have elapsed since the Notice of Claim was filed, (and)
☐ the PORT AUTHORITY has adjusted this claim
☐ the PORT AUTHORITY has not adjusted this claim.

---

☐ 1 WORLD TRADE CENTER, LLC
☐ 1 WTC HOLDINGS, LLC
☐ 2 WORLD TRADE CENTER, LLC
☐ 2 WTC HOLDINGS, LLC
☐ 4 WORLD TRADE CENTER, LLC
☐ 4 WTC HOLDINGS, LLC
☐ 5 WORLD TRADE CENTER, LLC

☐ 5 WTC HOLDINGS, LLC
**X** AMEC CONSTRUCTION MANAGEMENT, INC.
☐ 7 WORLD TRADE COMPANY, L.P.
☐ A RUSSO WRECKING
☐ ABM INDUSTRIES, INC.
☐ ABM JANITORIAL NORTHEAST, INC.
**X** AMEC EARTH & ENVIRONMENTAL, INC.
☐ EDWARD CORTESE SPECIALIZED HAULING, LLC, INC.
☐ ATLANTIC HEYDT CORP
☐ BECHTEL ASSOCIATES PROFESSIONAL CORPORATION
☐ BECHTEL CONSTRUCTION, INC.
☐ BECHTEL CORPORATION
☐ BECHTEL ENVIRONMENTAL, INC.
☐ BERKEL & COMPANY, CONTRACTORS, INC.
☐ BIG APPLE WRECKING & CONSTRUCTION CORP
**X** BOVIS LEND LEASE, INC.
**X** BOVIS LEND LEASE LMB, INC.
☐ BREEZE CARTING CORP
☐ BREEZE NATIONAL, INC.
☐ BRER-FOUR TRANSPORTATION CORP.
☐ BURO HAPPOLD CONSULTING ENGINEERS, P.C.
☐ C.B. CONTRACTING CORP
☐ CANRON CONSTRUCTION CORP
☐ CANTOR SEINUK GROUP
☐ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.
☐ CORD CONTRACTING CO., INC
☐ CRAIG TEST BORING COMPANY INC.
☐ DAKOTA DEMO-TECH
☐ DIAMOND POINT EXCAVATING CORP
☐ DIEGO CONSTRUCTION, INC.
☐ DIVERSIFIED CARTING, INC.
☐ DMT ENTERPRISE, INC.
☐ D'ONOFRIO GENERAL CONTRACTORS CORP
☐ EAGLE LEASING & INDUSTRIAL SUPPLY

---

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| | |
|---|---|
| ☐ EAGLE ONE ROOFING CONTRACTORS INC. | ☐ PLAZA CONSTRUCTION MANAGEMENT CORP. |
| ☐ EAGLE SCAFFOLDING CO | ☐ PRO SAFETY SERVICES, LLC |
| ☐ EJ DAVIES, INC. | ☐ PT & L CONTRACTING CORP |
| ☐ EN-TECH CORP | ☐ REGIONAL SCAFFOLD & HOISTING CO, INC. |
| ☐ ET ENVIRONMENTAL | ☐ ROBER SILMAN ASSOCIATES |
| ☐ EVERGREEN RECYCLING OF CORONA | ☐ ROBERT L GEROSA, INC |
| ☐ EWELL W. FINLEY, P.C. | ☐ RODAR ENTERPRISES, INC. |
| ☐ EXECUTIVE MEDICAL SERVICES, P.C. | ☐ ROYAL GM INC. |
| ☐ F&G MECHANICAL, INC. | ☐ SAB TRUCKING INC. |
| ☐ FLEET TRUCKING, INC. | ☐ SAFEWAY ENVIRONMENTAL CORP |
| ☐ FRANCIS A. LEE COMPANY, A CORPORATION | ☐ SEASONS INDUSTRIAL CONTRACTING |
| ☐ FTI TRUCKING | ☐ SEMCOR EQUIPMENT & MANUFACTURING CORP. |
| ☐ GILSANZ MURRAY STEFICEK, LLP | ☐ SILVERITE CONTRACTORS |
| ☐ GOLDSTEIN ASSOCIATES CONSULTING ENGINEERS, PLLC | ☐ SILVERSTEIN PROPERTIES |
| ☐ HALLEN WELDING SERVICE, INC. | ☐ SILVERSTEIN PROPERTIES, INC. |
| ☐ H.P. ENVIRONMENTAL | ☐ SILVERSTEIN WTC FACILITY MANAGER, LLC |
| ☐ KOCH SKANSKA INC. | ☐ SILVERSTEIN WTC, LLC |
| ☐ LAQUILA CONSTRUCTION INC | ☐ SILVERSTEIN WTC MANAGEMENT CO., LLC |
| ☐ LASTRADA GENERAL CONTRACTING CORP | ☐ SILVERSTEIN WTC PROPERTIES, LLC |
| ☐ LESLIE E. ROBERTSON ASSOCIATES CONSULTING ENGINEER P.C. | ☐ SILVERSTEIN DEVELOPMENT CORP. |
| ☐ LIBERTY MUTUAL GROUP | ☐ SILVERSTEIN WTC PROPERTIES LLC |
| ☐ LOCKWOOD KESSLER & BARTLETT, INC. | ☐ SIMPSON GUMPERTZ & HEGER INC |
| ☐ LUCIUS PITKIN, INC | ☐ SKIDMORE OWINGS & MERRILL LLP |
| ☐ LZA TECH-DIV OF THORTON TOMASETTI | ☐ SURVIVAIR |
| ☐ MANAFORT BROTHERS, INC. | ☐ TISHMAN INTERIORS CORPORATION, |
| ☐ MAZZOCCHI WRECKING, INC. | ☐ TISHMAN SPEYER PROPERTIES, |
| ☐ MERIDIAN CONSTRUCTION CORP. | ☐ TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN |
| ☐ MORETRENCH AMERICAN CORP. | ☐ TISHMAN CONSTRUCTION CORPORATION OF NEW YORK |
| ☐ MRA ENGINEERING P.C. | ☐ THORNTON-TOMASETTI GROUP, INC. |
| ☐ MUESER RUTLEDGE CONSULTING ENGINEERS | ☐ TORRETTA TRUCKING, INC |
| ☐ NACIREMA INDUSTRIES INCORPORATED | ☐ TOTAL SAFETY CONSULTING, L.L.C |
| ☐ NEW YORK CRANE & EQUIPMENT CORP. | ☐ TUCCI EQUIPMENT RENTAL CORP |
| ☐ NICHOLSON CONSTRUCTION COMPANY | X TULLY CONSTRUCTION CO., INC. |
| ☐ OLYMPIC PLUMBING & HEATING | X TULLY ENVIRONMENTAL INC. |
| ☐ PETER SCALAMANDRE & SONS, INC. | X TULLY INDUSTRIES, INC. |
| ☐ PINNACLE ENVIRONMENTAL CORP | X TURNER CONSTRUCTION CO. |
| ☐ PLAZA CONSTRUCTION CORP. | |

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document*

| | |
|---|---|
| **X** TURNER CONSTRUCTION COMPANY<br>**X** TURNER CONSTRUCTION INTERNATIONAL, LLC<br>☐ TURNER/PLAZA, A JOINT VENTURE<br>☐ ULTIMATE DEMOLITIONS/CS HAULING<br>☐ VERIZON NEW YORK INC,<br>☐ VOLLMER ASSOCIATES LLP<br>☐ W HARRIS & SONS INC<br>☐ WEEKS MARINE, INC.<br>☐ WEIDLINGER ASSOCIATES, CONSULTING ENGINEERS, P.C. | ☐ WHITNEY CONTRACTING INC.<br>☐ WOLKOW-BRAKER ROOFING CORP<br>☐ WORLD TRADE CENTER PROPERTIES, LLC<br>☐ WSP CANTOR SEINUK<br>☐ YANNUZZI & SONS INC<br>☐ YONKERS CONTRACTING COMPANY, INC.<br>☐ YORK HUNTER CONSTRUCTION, LLC<br>☐ ZIEGE<br>☐ OTHER: _____ |

☐ Non-WTC Site Building Owner
   Name: _____
   Business/Service Address: _____
   Building/Worksite Address: _____
☐ Non-WTC Site Lessee
   Name: _____
   Business/Service Address: _____
   Building/Worksite Address: _____

☐ Non-WTC Site Building Managing Agent
   Name: _____
   Business/Service Address: _____
   Building/Worksite Address: _____

## II. JURISDICTION

8.  The Court's jurisdiction over the subject matter of this action is:

**X** Founded upon Federal Question Jurisdiction; specifically; **X**; Air Transport Safety & System Stabilization Act of 2001.

## III CAUSES OF ACTION

Plaintiff(s) seeks damages against the above named defendants based upon the following theories of liability, and asserts each element necessary to establish such a claim under the applicable substantive law:

| | | | |
|---|---|---|---|
| **X** | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law(s) including §§ 200 and 240 | **X** | Common Law Negligence, including allegations of Fraud and Misrepresentation |
| **X** | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law 241(6) | | **X** Air Quality;<br>**X** Effectiveness of Mask Provided;<br>**X** Effectiveness of Other Safety Equipment Provided |

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| | | | |
|---|---|---|---|
| ☐ | Pursuant to New York General Municipal Law §205-a | | (specify: _____ );<br>☐ Other(specify): |
| X | Pursuant to New York General Municipal Law §205-e | ☐ | Wrongful Death |
| | | X | Loss of Services/Loss of Consortium for Derivative Plaintiff |
| | | ☐ | Other: _____ |

## IV  CAUSATION, INJURY AND DAMAGE

9.  As a direct and proximate result of defendant's culpable actions in the rescue and/or recovery and/or construction, renovation, alteration, demolition and all work performed at the premises, the Injured Plaintiff sustained (including, but not limited to) the following injuries:

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| | | | |
|---|---|---|---|
| ☐ | Cancer Injury:<br>Date of onset:<br>Date physician first connected this injury to WTC work: | ☐ | Cardiovascular Injury:<br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |
| **X** | **Respiratory Injury:** hyperactive airway disease; small airway dysfunction; restrictive lung disease; bronchiectasis; pulmonary nodules; pulmonary granuloma; obstructive lung defect; chronic rhinitis, nasal polyps; PND; hemoptysis; unexplained restriction in lungs and low lung volumes; lung age determined to be that of a person many decades older than claimant; hemoptysis; and Gastroesophageal Reflux Disease.<br>**Date of onset:** On or about September 13, 2007, Injured Plaintiff was experiencing severe shortness of breath. Injured Plaintiff visited pulmonologist Ralph Ciccone, M.D., who diagnosed: "pure restrictive disease… he most likely has minimal small airway dysfunction along with restrictive lung disease… His CT scan shows what looks like some degree of bronchiectasis… We will make further recommendations after his CT Scan is performed."<br><br>On September 20, 2007, Injured Plaintiff consulted with Sasan Yasharpour, M.D., a radiologist, and underwent a CT scan of the chest. Dr. Yasharpour discerned from the scan the existence of "an approximately 3 mm non calcified nodule in the left upper lobe … a granuloma in the right upper lobe …. Stable 3 mm left upper lobe nodule, stable right upper lobe granuloma."<br><br>On October 15, 2007, Injured Plaintiff underwent a medical check up at the World Trade Center Medical Monitoring Program administered by the Police Department of the City of New York. As part of the check up, Injured Plaintiff underwent a pulmonary function test. The resulting diagnosis was: "moderately severe restriction, patient's lung | ☐ | Fear of Cancer<br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

age is more than 80; cannot evaluate COPD risk." Based on this test result, Injured Plaintiff was immediately placed on line of duty medical leave.

On October 19, 2007, Injured Plaintiff experienced such severe shortness of breath that he rushed to the Staten Island University Hospital Emergency Room. There, the triage nurse reported "something sitting in [Injured Plaintiff's] chest, tingling to arm, feels like he is going to pass out." The emergency room physician noted Injured Plaintiff was experiencing "chest pain" and "pressure," "shortness of breath," was "lightheaded when not doing anything," and was suffering "increasing shortness of breath for a week." Theodore Maniatis, M.D. of the pulmonary critical care unit examined Injured Plaintiff and noted: "Chest X ray show a poor inspiratory effort. His labs are unrevealing. His electrocardiogram is non-ischemic," "SOB secondary to mild obstruction on top of restriction...," and "low lung volumes." Injured Plaintiff was released with a prescription for Prednisone and to the continued care under Dr. Ciccone.

On October 25, 2007, Dr. Ciccone examined Injured Plaintiff and finding "there were no acute infiltrates...," referred Injured Plaintiff to a "cardiology evaluation...."

On November 15, 2007, Injured Plaintiff underwent a pulmonary function test, which revealed a "minimal obstructive lung defect. The airway obstruction is confirmed by the decrease in flow rate... There is mild restrictive lung defect. There is a mild decrease in diffusing capacity."

On December 10, 2007, Injured Plaintiff again visited Dr. Ciccone, who observed: "Repeat PFT shows worsening restrictive disease, no significant obstruction... I am unsure of what he has... I don't know if he

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| | | | |
|---|---|---|---|
| | has a collagen vascular disease... We are going to do a venous Doppler... a gallium scan... more screening blood work... we are going to work him up and see how he does...."<br><br>On December 21, 2007, pursuant to Dr. Ciccone's recommendation that he obtain further opinion, Injured Plaintiff consulted with James Bruno, M.D., who observed "[Injured Plaintiff's] case is quite perplexing... I would like him to see an ear nose and throat specialist ... to rule out significant sinus disease and polyp disease...."<br><br>In December 2007, Injured Plaintiff was diagnosed with Gastroesophageal Reflux Disease by Helen Kim, M.D. and prescribed Nexium.<br><br>On January 2, 2008, upon Dr. Bruno's recommendation, Injured Plaintiff consulted with Helen Kim, M.D., who administered a nasal endoscopy. Based thereupon, Dr. Kim diagnosed "chronic rhinitis, nasal polyps; PND."<br><br>On January 23, 2008, Daniele Villamagna, PA-C, under Dr. Kim's direction, administered a fiber optic laryngoscopy, and confirmed the diagnosis of: "chronic rhinitis; nasal polyps; PND; hemoptysis."<br><br>**Date physician first connected this injury to WTC work:** December 2007 and thereafter. | | |
| X | **Digestive Injury:** hyperactive airway disease; small airway dysfunction; restrictive lung disease; bronchiectasis; pulmonary nodules; pulmonary granuloma; obstructive lung defect; chronic rhinitis, nasal polyps; PND; hemoptysis; unexplained restriction in lungs and low lung volumes; lung age determined to be that of a person many decades older than | ☐ | Other Injury:<br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| | | | |
|---|---|---|---|
| claimant; hemoptysis; and Gastroesophageal Reflux Disease.<br>**Date of onset**: As detailed above.<br>**Date physician first connected this injury to WTC work**: As detailed above. | | | |

*NOTE: The foregoing is NOT an exhaustive list of injuries that may be alleged.*

10. As a direct and proximate result of the injuries identified in paragraph "1", above, the Ground Zero-Plaintiff has in the past suffered and/or will in the future suffer the following compensable damages:

| | | | |
|---|---|---|---|
| X | Pain and suffering | X | Expenses for medical care, treatment, and rehabilitation |
| X | Loss of the enjoyment of life | X | Other:<br>X  Mental anguish<br>X  Disability<br>☐  Medical monitoring<br>☐  Other: _____ |
| X | Loss of earnings and/or impairment of earning capacity | | |
| X | Loss of retirement benefits/diminution of retirement benefits | | |

11. As a direct and proximate result of the injuries described *supra*, the derivative plaintiff(s), if any, have in the past suffered and/or will in the future suffer a loss of the love, society, companionship, services, affection, and support of the plaintiff and such other losses, injuries and damages for which compensation is legally appropriate.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

**WHEREFORE**, plaintiff(s) respectfully pray that the Court enter judgment in his/her/their favor and against defendant(s) for damages, costs of suit and such other, further and different relief as may be just and appropriate.

**Plaintiffs demand that all issues of fact in this case be tried before a properly empanelled jury.**

Dated: New York, New York
     June 24, 2008

Yours, etc.

SULLIVAN PAPAIN BLOCK
MCGRATH & CANNAVO P.C.
Attorneys for Plaintiff

BY: _____
    Andrew J. Carboy (AC-2147)
120 Broadway - 18th Floor
New York, New York 10271
Tel: (212) 732-9000

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*